# United States District Court

# District Of Massachusetts

**Plaintiff:** Vasuki Periyaswamy

   34 Pinecrest Village, Hopkinton, MA -01748    **Case No.:**

       **Vs**             **COMPLAINT**

**Defendant:** Comcast of Massachusetts I inc,

   Subsidiary of Comcast Corporation, Legal

   Compliance Division,

   650 Centerton Rd, Moorestown, NJ – 08057

## PRELIMINARY STATEMENT

01. I, the complainant has been a resident alien authorized to work in United States till Oct 2009, and with approved I-90 and expired H1B while the process to Legal Permanent Resident was pending till Jan 31, 2011, and a legal permanent resident since Feb 1, 2011. I have been targeted to submit to prostitution through torture and several other related organized transnational underworld crimes on ongoing basis with lifetime victimization, starting March 2007 with gross violation of federal laws, laws of Massachusetts, law of treaty of nations, laws of treaty of United States. What started in March 2007 has been continuing by the addition of this defendant since June 2008, as part of continuing transnational organized crime with systematic wide spread expansion since March 2007, with prior criminal offenses against humanity committed by some of the members of this transnational organized underground criminal network, where 24x7 unlawful electronic surveillance/non electronic surveillance, cyber terrorism/internet underground, are major elements of underground criminal operation in combination with money laundering, bribery, corruption, terrorism, undue influence of public officials to commit fraud, personal gain, unfair and deceptive trade practices, systematic expansion criminal network across transcending national boundaries are used as the underground "Modus Operandi" for unrelenting torture and other related abuse.

02. As part of continuing widespread, large scale transnational organized criminal operation with multiplicity of victimization, the internet service with account number 8773102760061764

subscribed by Mr. Declan R Moore, who is my husband since Jan 2009, with service address at 34 Pinecrest Village, Hopkinton, MA -01748 is being attacked since around June 2008. The unlawful venture of Comcast started as part of the continuing victimization of others related to me being attacked and kept in surveillance, placed equally at risk as me, in order to isolate me and prevent any source of support or help from others. With 24x7 invasion including home invasion, the "Third Parties" permeated into Comcast of Massachusetts I Inc., with unlawful venture, and lead to the use of their facilities to facilitate the commission of ongoing transnational organized criminal activities. Upon identification of Comcast as part of this underground community, the conduct aggravated with more involved in collaborated and coordinated wide spread underground transnational criminal activities across and outside United States, including electronic and non electronic crimes on ongoing basis coordinated with unlawful surveillance.

03. The trafficking of Human Beings is so serious and wide-spread that the United States Secretary of state now issues a yearly "Trafficking in persons report" to congress in order to provide a global look at the nature and scope of trafficking in persons and the broad range of govt. actions to confront and eliminate it. In her 2009 report, secretary of state Clinton wrote,

> Human trafficking is a multidimensional issue, it is a crime that deprives people of their                  human rights and freedoms, increases global health risks, fuels growing networks of organized crime, and can sustain levels of poverty and impede development in certain areas. The impacts of Human Trafficking are devastating. Victims may suffer physical and emotional abuse, rape, threats against self, family and even death. But the devastation also extends beyond individual victims; human trafficking undermines the health safety and security of all nations it touches.

04. The infinite amount of ongoing gross violation of federal laws as part of the ongoing systematic collaborated coordinated abuse in furtherance to and directly related to this unlawful Electronic Surveillance being committed by the defendant in collaboration with the "Transnational organized underground criminal network" or the "Third Parties" with unlawful venture for benefit of personal gain and money laundering in violation of unfair and deceptive trade practices, are listed in Table A.

## Table A – Table of Statutes

| Cause of action pursuant to Federal Statutes |
|---|
| 28 U.S.C § 1350  Under Torture Victim Protection Act in combination with Alien Action For Tort |
| 18.U.S.C § 2333 – Anti Terrorism Act |
| 18 U.S.C  § 1595 - Civil remedy For 18 U.S.C  § 1590 - Trafficking with respect to |

| |
|---|
| peonage, slavery, involuntary servitude, or forced labor |
| 18 U.S.C § 2707 – Civil Action for 18 U.S.C§ 2511, 18 U.S.C§ 2511 (1) (a), 18 U.S.C§ 2511(1)(c), 18 U.S.C § 2701(a)(1)(b)(1), 18 U.S.C § 2701 |
| 18 U.S.C § 2520 - Recovery of civil damages for violating 18 U.S.C § 2511, 18 U.S.C § 2511 (1) (a), 18 U.S.C § 2511(1)(c), 18 U.S.C § 2701(a)(1)(b)(1), 18 U.S.C § 2701 |
| 15 U.S.C § 57b (unfair or deceptive trade practices)/MGL 93A § 9 – Double or treble damages, attorney fees and costs |
| 18 U.S.C  § 1512 (B) – Witness Tampering – Spoilage in both Criminal and Civil Statutes, (B)  (II) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding. |
| 18 U.S.C § 183 – Failed To obey the issued orders. Liability for disobedience of order or process |
| **Federal Statutes – Underlying Transcending Crimes Across National Borders** |
| 18 U.S.C § 1956, 1957 - Laundering of Monetary Instruments, Property derived from specified unlawful activities |
| 18 U.S.C § 1952 (a)(1)-(3) - Interstate and foreign travel or transportation in aid of racketeering enterprises with intent to commit crime of violence , otherwise promote ,manage, facilitate the carrying on of any unlawful activity and thereby performs or attempt to perform any activity described in 18 U.S.C§ 1952(b)(i)(1)-(3) |
| 18 U.S.C § 1952(b)(i)(2)-(3) - includes bribery or arson or any act which is indictable under section 18 U.S.C § 1956 or § 1957. |
| 18 U.S.C § 1952(b)(ii) the term "state" includes state of United States and India |
| 18 U.S.C §§ 2340 (1), (2) (A) – (D), 2340A –Torture (to submit to prostitution) |
| 18 U.S.C § 2331 – Terrorism (coercion of Public) |
| 18 U.S.C § 1030(a)(2) (accessing a computer and obtaining information) |
| 18 U.S.C § 1030(a)(5)(A)(i) (accessing a computer without authorization, resulting in damage) |
| 18 U.S.C § 1030(a)(5)(A)(ii)-(iii) (accessing a computer without authorization, resulting in damage) –Redirection of Website |
| 18 U.S.C § 1030(a)(6) (trafficking in computer passwords) |

| |
|---|
| 18 U.S.C § 1030(a)(5)(A) (transmission of program, information, code, or command, resulting in damage) –Denial Of Service Attack |
| 18 U.S.C § 1030(e)(2) (B) Unauthorized access to a Federal Government computer or to a computer system protected by federal law. Protected computers are any computer used in interstate or foreign commerce or communications, which includes any computer connected to the Internet |
| 18 U.S.C § 1361 -Malicious Mischief – government Property or contract (also "entities" funded by government or "Government Entities" such as community library etc.) |
| 47 U.S.C § 223(a)(1)(E) (repeatedly initiates communication with a telecommunication device solely to harass person who receives communication) including solicitation for 18 U.S.C § 4080 –Prostitution |
| 18 U.S.C § 875 (transmitting communications containing threats of kidnap or bodily injury) (Hobbs Act) |
| 18 U.S.C § 2511 (1) (a) - Unlawful interception of oral, wire, electronic communication. Intentionally use an electronic or other device to intercept any oral communication |
| 18 U.S.C § 2511 - Interception and Disclosure of oral, electronic communication prohibited |
| 18 U.S.C § 2511(1)(c) (disclosing intercepted communications) |
| 18 U.S.C § 2701(a)(1)(b)(1) - Unlawful access to stored communication, (1) intentionally accesses without authorization a facility through which an electronic communication service is provided and thereby obtains, alters |
| 18 U.S.C § 2701 - Unlawful access to stored communication |
| 18 U.S.C § 1512(a)- Obstruction by violence through 18 U.S.C § 2261 A – Interstate stalking in combination with 18 U.S.C § 2331 (1) (B)(i) - large scale coercion of civilian population, 18 U.S.C § 175, § 178 (b) - Deterioration of food, water, equipment supplies or material of any kind |
| 18 U.S.C § 1512 (c) - destruction or concealment of evidence or attempts to do so |
| 18 U.S.C. § 1512(a) (1) - Obstruction by Violence: use of force or the threat of the use of force to prevent the production of evidence, the offense involves a killing or attempted killing in combination with Motor Vehicle –Personal Injury, with combination of malicious drugging of the kidnapped person kept under confinement to make him disappear |
| 18 U.S.C § 1512(a) (2) - Obstruction by Violence: Use of force or threat of the use of |

| |
|---|
| force to prevent the production of evidence or some other use of physical force or a threat or Torture or use of special skills to conceal the evidence |
| 18 U.S.C § 1512 (d) - witness harassment to prevent the production of evidence |
| 18 U.S.C § 1512 (d) - Witness harassment to prevent the production of evidence |
| 15 U.S.C § 1644 (credit card fraud aggregating at least $1,000) |
| 18 U.S.C § 1001 False statements –(False Subscriber Record with false certification under oath) |
| 18 U.S.C § 1506 Theft of record or process. Feloniously steals record in combination with M.G.L Chapter 265: Section 18C. Entry of dwelling place |
| 18 U.S.C § 1513 (felony to retaliate against a witness, victim, or informant), 18 U.S.C § 1201(a)(1),(c) - Kidnapping or abducts. Unlawful confinement for illegal purposes in combination |
| 18 U.S.C.A § 1583(a)(1,3) – Enticement into slavery or sent out of the country to be made so, by creating such a situation through criminal activities |
| 18 U.S.C § 1589(a)(3) – Forced Labor |
| 18 U.S.C § 1593A - Benefitting financially from peonage, slavery, and trafficking in persons |
| 18 U.S.C § 1594 - General provisions |
| 18 U.S.C § 402 - Criminal contempt – § 181 Disobedience of order or process, § 184 Criminal offense, disobedience of order or process |
| 18 U.S.C § 4170 Inducing or aiding person to commit suicide by probable consequences of their acts , by causing grief, remorse, humiliation |
| 18 U.S.C § 1465 (using interactive computer service for purpose of sale or distribution of obscene material) |
| 18 U.S.C § 1703 Delay or destruction of mail or newspapers |
| 18 U.S.C § 1707 Theft of property used by postal service |
| Obstruction Of Justice for Fair Labor Standards act, Other labor litigation |
| 18 U.S.C § 201 (a) (2)– Bribery of  public official (also includes "Foreign Corruption" ), |
| 18 U.S.C § 201 (b)(1)(A)-(C) – Directly or indirectly gives offers or promises anything of |

| value, (A) to influence, (B) to commit fraud (C) to induce to omit (includes foreign law enforcement corruption) |
|---|
| 18 U.S.C §§ 1510, 1510(a) – Obstruction of criminal investigation, willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information |
| 15 U.S.C § 7701 (5, 7-8) – Controlling the assault of non-solicited pornography and marketing |
| 15 U.S.C § 7703 - Prohibition against predatory and abusive commercial e- mail |
| 15 U.S.C § 7704 (a) (1)(A, C), (a)(4)(i-iii) Prohibition against predatory and abusive commercial e- mail |
| 18 U.S.C § 1037 (a) (1-3,5),(b)(1)(A),(b)(2)(F) - Fraud and related activity in connection with electronic mail. |

05. I am being tortured 24x7 in combination with terrorism to submit to peonage, prostitution, induce slavery, by enforced isolation, career sabotage, financial sabotage, forced virtual imprisonment, forced confinement through unlawful surveillance (audio, video, internet), abuse using illegally recorded private videos, inhuman, cruel, degrading treatment, extremely severe psychological abuse-emotional distress, severe pain and suffering, abuse by law enforcement; Torture to family members in India, abuse and harassment of friends and others related to me equally tortured and harassed with physical harm, cruel, degrading treatment; job loss, framed for termination through torture; Under color of law both by the citizens of America and citizens of India as members of the transnational organized underground criminal network being collaborated by Comcast of Massachusetts I Inc., with unlawful venture for benefit through money laundering, personal gains of nature "tangible" and "intangible" benefits, for facilitating the global underground criminal operation using their facilities.

06. Some of the orchestrating people in the wide spread hierarchy of the "Third Parties" with their last known addresses or other parties of interest with who Comcast Of Massachusetts collaborates include
1. Michael S Boyette aka Michael H Estramonte living under the pretenses of benami, no resident address in his name 2. Jawahar Karuppasamy aka Jawahar K Karuppasamy, alien resident with last known address of 10816 Kingslake Dr. Apt B, Cincinnati, OH-45242 3. Chandra Sekaren, Foreign Subject #19, 4th Cross St, Krishnapuram Colony, Priya Nursery and Primary School, Madurai -625014 5. Syed Mujaihid, Foreign Subject, Underground criminal network in Bangalore 6. Praveen Amudala 51 White Pine Dr, Schaumburg, IL – 60193 7. Sandhya Jankiti aka Sandhya R Jankiti, 13831 Ne 8th St Apt 29, Bellevue, WA - 98005-3460 8. Sanjeev Agrawal , 10411 Se 174th St Apt 3436, Renton, WA-98055 9. Venkata Batchala, 1071 Southern Artery Apt 105 Quincy, MA – 02169 10. Katherine M Carli, Perot Systems (Dell Services) Work Address:

1600 Crown Colony, Quincy, MA-02169  11. Kay P Bui 75, Bayfield Rd S, Quincy, MA-02171 12. Rahini Kumarasamy, W/O Vivek Pandian, 1302 Village Terrace Ct Unit H39, Atlanta, GA-30338, 12. Vivek Pandian aka Vivek M Pandian, 1302 Village Terrace Ct Unit H39, Atlanta, GA- 30338 13. Manjula Kumarasamy, S/O Rahini Kumarasamy,  was residing in IL 14. Elisabete D Harshman, 20 Joanne Dr., Ashland, MA 01721 15. Lynn Li Werner, W/O: Christ Werner and Christ Werner 33 Pinecrest Village, Hopkinton, MA -01748   16. Francis N Stanucci, 35 Pinecrest Village, 32 Pinecrest Village, Hopkinton, MA -01748 17. Cynthia J Trainor 29, Pinecrest Village, Hopkinton, MA -01748, 18. Residents of 27 Pinecrest Village, Hopkinton, MA-01748, USA also employees of Comcast Internet  Services 19. Lindsay Ann Ucci and her boyfriend 28 Pinecrest Village, Hopkinton, MA-01748

07. I, the plaintiff, Mrs. Periyaswamy seek compensatory and punitive damages including attorney fees and costs where applicable.

## THE PARTIES, JURISDICTION AND VENUE

This court has    original jurisdiction pursuant to 28 U.S.C § 1331, 28 U.S.C § 1350 – Torture Victim Protection Act of 1991/Alien Action For Tort, 18 U.S.C §2333 – Anti-Terrorism Act, 18 U.S.C § 2334 – Jurisdiction and Venue for action brought pursuant to 18 U.S.C §2333. This court has supplemental jurisdiction over my claims pursuant to 28 U.S.C § 1367.

08. I, the plaintiff is a citizen of India, and legal permanent resident United States residing at Hopkinton Town, Middlesex County, Massachusetts. At the time of events that give rise to this complaint and till Sep 2009, I was a resident alien authorized to work in the United States on H1B Visa. From Oct 2009 Till Jan 2011, I was on expired H1B status with I-190 approved through petition for relative, sponsored by my husband Mr. Declan R Moore.

09. While the continuing events giving rise to this claims have been occurring approximately since June 2008, around 1st week Jan 2009, I moved to 34 Pinecrest Village, Hopkinton, MA -01748 with shared internet services with Declan R Moore provided by Comcast of Massachusetts I inc.,

10. The defendant Comcast of Massachusetts I inc, is a business in United States and owned by a citizen of United States with principle state of business and head quarters in Pennsylvania, and incorporated in the State of Massachusetts for providing service.

11. Both the plaintiff and the defendant are citizens of different nations.

12. Venue is proper pursuant to 28 U.S.C § 1391 (b) as equally substantial part of the events giving rise to this claim occurred in this district.

13. I the Plaintiff, Vasuki Periyaswamy, undersigned by self as pro se, alleges as follows.

## FACTUAL BACKGROUND

## A. Unlawful Electronic Surveillance/Internet Surveillance – Fraud Related
## To Computers

14. I, the plaintiff a victim of continuing transnational organized underground crimes including torture, sexual abuse, induce slavery, terrorism – involvement of public, since March 2007, with 24x7 invasion of privacy of all forms with consistent pattern of abuse with cruel, inhuman, degrading treatment collaborated and coordinated by unlawful surveillance. As systematic expansion and corruption, money laundering, and bribery is one of the major elements of this wide spread underground criminal operation, with all the people related me being harassed and tortured in the same way as me, Declan R Moore's internet was hacked, when he started to be friendly towards me, along with many other people related to me in India and across USA already subjected to harassment including electronic and non electronic surveillance, resulting in multiplicity of victimization, with more than minimal planning, having direct impact on me, regardless of where I am. At the time the events started, and till Dec 31, 2008, I lived at 75 Bayfield Rd S, North Quincy, MA – 02171.

15. Mr. Declan R Moore residing at 34 Pinecrest Village, Hopkinton, MA – 01748 has been a subscriber of Comcast Cable Services which includes internet service as well. On 12/19/2002, Mr. Declan R Moore, Subscribed for Cable Services with Comcast, and has been a customer of Comcast Cable Services. As per the terms and conditions, Comcast of Massachusetts, agreed to protect the privacy and security of the service Declan R Moore has signed up, with account number 8773102760061764.

16. I got married to Mr. Declan R Moore, on Jan 2, 2009. After my wedding I have been living at the shared residence, 34 Pinecrest Village, Hopkinton, MA-01748, a townhome, and I have been using the shared utility services subscribed by Mr. Declan R Moore including the internet services provided by Comcast Of Massachusetts I Inc., The events giving rise to this claims started around June 2008. Unauthorized a) access to the internet (commonly called internet hacking) b) access computer though "NetBIOS" attack was evidenced around Nov 11, 2008. Additional internet and computer securities were enforced over the existing antivirus securities, after I moved into the shared residence around 1st week of Jan 2009.

17. However the internet switching using the facility of Comcast, to switch our single assigned static Network address assigned by Comcast using their facility to another subscriber's Network to make our internet and computers publically accessible to the entire organized criminal network, was detected around Feb 2010. Such a switching of internet connection using the facilities provided by Comcast of Massachusetts I Inc., is not under the control of subscribers, and no security measures protect from unauthorized access or unlawful surveillance. Therefore, in spite

of advanced security measures enforced on our network, and computer, I am being challenged by the defendant and the third parties they are collaborating with, in breaking the securities to continue their extreme and determined underground transnational criminal activities persistently, coordinated and collaborated with 24x7 unlawful interception and cyber terrorism.

## B. Unlawful Surveillance, Unlawful Interception, Related Criminal Activities

18. On Dec 29, 2008, Mr. Declan Moore, made a search on the internet to find the hotel "Four Chimneys Inn", to make a booking for our planned wedding on Jan 2, 2009. Following the internet search, he made the booking through telephone.  The reservation confirmation with assigned room numbers, came through email to declan01@comcast.net. This intercepted information was used to install spy cameras to take illegal private videos in the rooms we stayed, which is being used to publish/threats to publish as pornography in china websites/being used to threaten to publish as DVD. Also the facilities in the room were tampered as part of ill treatment in collaboration with the staffs worked in "Four Chimneys Inn".

19. **Plan of clandestine activities in advance using all the 24x7 intercepted information:** As part of the 24x7 organized criminal activities, the intercepted internet communications and emails are being used to obstruct justice through violence; deterioration of food, water to cause physical harm/injury to my friends and family members; witness harassment including family members in India, other friends and known people both in India and United States to prevent being helped to prove the underground transnational criminal activities; Financial fraud to block my efforts towards justice through robbery of money from my bank account; Blocking the employment opportunities through professional defamation; Interference with rental property and rental income and disrupting the socio-familial ties with the tenants and neighbors through fabricated malicious slander campaigns; To corrupt the businesses with defamation/false information to cause trouble in service and engage in unfair and deceptive trade practices; Witness tampering (evidence destruction); expansion of transnational criminal network merging with several types of local maflas; Innumerable fabricated character profiling campaigns to put in false light both relating to prostitution, as well as other forms, messages to challenge the intense malicious slander campaigns being done in real time in underground, Mass victimization through mass corruption, systematic expansion of criminal network at various places, for well planned attacks, are 24x7 ongoing criminal activities being committed in India and across United States.

## C. Use of Unlawful Internet Surveillance, Cyber Terrorism for Torture and Other Forms of Terrorism

20. **The essential elements of Internet Electronic Surveillance in combination with Cyber Terrorism:** The essential elements used for transnational ongoing clandestine criminal activities including torture are Cyber Stalking in combination with torture methods, URL obfuscation in combination with torture methods, Using different IP numbers used to hack the firewall apart from the network switching through the facilities of Comcast with messages as part of the IP

details relating to abuse. The torture methods used in combination with the electronic harassment is infinite and include

- Attacks with covert aggression methods applied with all possible combinations of the three main dichotomies 1) Textual-virtually physical 2) direct–indirect 3) active-passive

- Subtle Attacks, Indirect Threats – Text Maneuvering to hide the real threats and real criminal activities being carried out underground

- Messages of degrading themes or ill treatment

- Manipulation of realities with fabrication of facts for malicious slander and fabricated character profiling campaigns

- Web content altered with Metaphorical Messages ,Images, movie clips

- Words, images, objects with Double meaning, Derogatory comments, with degrading themes, usage of sexual innuendos, innuendos

- Projection (attribute their own shortcomings unto others) – message for solicitation for sexual activities, prostitution, fabricated character profiling attributing their sexually abusive behaviors, predatory abuse

- Humiliating, degrading messages to induce suicide/emotional trauma

21. **Cruel, Inhuman, Humiliating, Degrading Treatment using Cyber Stalking in combination with Torture Methods:** Redirection of websites/overriding page content, with altered content such as messages, images, videos, applying torture methods. The redirected webpage content include, Abuse using the illegal private videos taken at bedroom relating the sexual activities between husband and wife as prostitution; Abuse and threat to publish the illegal private videos taken prior to 2008; Indirect death threats, messages of fabrication, manipulation, ill treatment using the same, solicitation messages for sexual activities and prostitution, challenge of innumerable fabrication of facts on the infinite 24x7 transnational criminal activities while it is being fabricated on the legal documents or agency investigation; Messages to challenge their criminal activities such as pornography, witness tampering; Challenging messages relating to obstruction of justice through defamation and false light, while the facts have been fabricated, while the malicious horrid slandering campaigning being done in the underground using the illegally intercepted communication/stored content;  Messages challenging the obstruction of justice subjecting me eternal torture, slavery and ill treatment; messaging of challenge obstructing justice on labor litigation; Challenges of psychological profiling campaigns while it is being done in the underground;  Challenge of fabrications or manipulations among sub groups in the wide spread hierarchical structure of the transnational underground criminal network to obstruct the proper justice, fabricated abusive messages using the intercepted oral, wire

communications; Misleading content sent on redirected webpage to reverse the justice on their terrorism to obstruct the justice.

22. **URL/Host name Obfuscation** : The host name is obfuscated to a name relating to abuse such as unwanted solicitation for sexual activities, prostitution, discrediting malicious slander campaigns, challenge of fabrication of facts for the underground criminal activities, challenge of the well planned criminal activities as well as the ones being committed transnational; Fabrication of facts to reverse the judgment; Threats to publish illegally recorded private videos on the internet, challenges of unfair and deceptive trade practices; URL names with degrading themes to humiliate, insult; URL names with relation to fabricated character profiling themes; Challenges of psychological profiling being done; URL names with direct or indirect meanings with challenges of witness tampering, in combination with torture methods, harvesting bulk connections to websites with infinite amount of abuse, threats, etc. contained in the name of websites;   Challenge of professional defamation and fabrication of facts to obstruct the labor litigation.

23. **Internet Firewall Hacking using Infinite IP numbers:**   Different Internet Protocol numbers belonging to different countries and different businesses with messages hidden in the IP details relating to their infinite criminal activities, abuse, threat, humiliation, insult, ill treatment, are being used to hack the firewall. From 2008 till date for about 250 IP numbers have been used to hack the firewall.

24. **Interception of emails, access to stored communication:**   Intercepting private email communications as part of the 24x7 unlawful surveillance, To deprive the freedom to communicate; Coordinate and collaborate the wide spread transnational criminal activities of food and water deterioration, causing planned accidents, Damage to conveyance to create accidents; Harassment of witness, family members, friends to prevent from helping to prove the organized crime;  evidence destruction; manipulative malicious slander campaigns to influence the public into organized criminal activities including 24x7 cruel, inhuman, ill treatment and torture by endless growth criminal network lobbying psychological, racial violence and criminalizing the society; Using the information in email for abduction and unlawful confinement of family members; Corruption, bribery, undue influence to  disrupt service or commit fraud using business communication; To organize 24x7 organized torture in combination with terrorism, depriving freedom of movement;

25. **Abuse Through Spoofed emails:**  Use of spoofed commercial email in combination with torture methods for predatory abuse, abuse of me relating to prostitution, pornography; Degrading and treatment through emails with degrading messages to cause humiliation using the illegal private videos of sexual activities between me and my husband taken illegally; Manipulative porn threats using the 24x7 private videos of me taken illegally from around May 2007 till Dec 2008 both in India and USA by the networked transnational criminal group, when I was living alone; Abuse through email with projective identification, challenge of fabrication of facts to conceal the criminal activities; Abusive , humiliating messages, and messages of Suicide through; Abuse

with fabricated character profiles;  Challenging slander campaigns using Illegally accessed stored Information from computer ; Challenge to obstruct justice through fabrication of facts while It is being done In underground on regular basis.

26. **Use of Key Loggers, Code Injection, Malwares for Abuse and Organized Criminal Activities:** Unauthorized access to computer breaking the securities, Tampering antivirus to install key loggers to access offline/stored content In the computer; Altering standard programs and product to cause damage, to block email communication as part of obstruction of justice, disrupt the Internet service, disruption of service to prevent the communication regarding the commission of acts of terrorism transcending national boundaries, to law enforcement authorities in India.

27. These are 24x7 threats, violence, covert relentless cruel, ill treatment, and wide spread organized underground criminal activities on daily basis continuing since 2008 by the defendant in collaboration and coordination with third parties, in addition to other forms of abuse as alleged below.

28. **Financial Fraud:** While all of this 24x7 relentless abuse, Cruel, ill treatment continued, when I started communicating the Information about this transnational underground criminal operation of the defendant and third parties through email, towards hiring a lawyer to initiate legal remedy, my debit card Information which was stolen regularly and used for unauthorized purchases for $1205 around Feb 20, 2010, to cause financial loss. However my bank reimbursed the unauthorized purchases.

29. After the financial fraud, the IP switch of our private network to public network using another subscriber's IP used as a server was removed, but the Interception continued by both defendant and "Third Parties" using different methods which includes firewall hacking using different Internet Protocol Numbers.

30. To my request to subscriber records, Comcast provided false Information. All records and tasks and requests are handled and maintained In New Jersey Office located at 650 Centerton Rd, Morristown, New Jersey.

31. **Abduction and Unlawful Confinement for illegal Purposes, Induce Slavery:** On July 19, 2010, I filed a case against Comcast Of Massachusetts I Inc., with U.S. District Court on diversity jurisdiction. However the complaint lacked the complete Information because of my lack of knowledge to relate the facts to legal components. As retaliation to my action against the defendant and the "Third Parties", my brother in India was abducted around Aug 20, 2011, maliciously carried away, using his address information from the intercepted email I sent to one of my friend in India on Aug 18, 2010. He is being kept in confinement for unlawful activities to induce slavery, enticement into slavery, abuse, trafficking with respect to peonage, slavery, involuntary servitude, and forced labor.

32. Following my case against Comcast and "Third Parties", the defendant continue to engage in several different methods and skills to conceal and destroy the evidences, assisting escape of the other subscribers as part of "Third Parties", continuing aggravation of torture and terrorism, while continuing their underground transnational organized criminal activities and unlawful venture with "Third Parties".

33. **Disobedience of Order, Witness Tampering:** On Nov 30, 2010 the court ordered to reserve the evidences by dismissing the case for lack of diversity jurisdiction. However Comcast continue to intentionally engage in destroying the evidences, conceal the evidences using special skills to obstruct justice.

34. **Other Forms of Electronic Surveillance:** Apart from unlawful 24x7 Internet Surveillance, home invasion by the criminal network surrounded on all sides for 24x7 oral interception with pen trap devices, 24x7 interception of   cellular communication (oral, wire, electronic communication), exploiting home surveillance video for  24x7 unlawful video surveillance in all 4 sides of my home, Unlawful extraterritorial surveillance (Across India and USA) in other places I have used the Internet including **"Government Entities"**, on daily basis to coordinate and collaborate the underground activities and torture.

35. **Witness Harassment to Obstruct Justice, Obstruction by Violence:** All the people related to me, friends, relatives, business associates, are kept under 24x7 internet surveillance, 24x7 invasion, interception of 24x7 oral, wire electronic, cellular communication, physically harmed, intimidated with accidents causing damage to person, movable property, victimized with personal injury coordinated with unlawful surveillance, victimized with financial fraud, ill treated, interference in their affairs and businesses, their family members were prevented from employment opportunity, job loss, etc., which has been ongoing since June 2008 by the collaboration of the defendant, across India and USA which has direct impact on me regardless of where I am , with multiplicity of victimization with more than minimal planning.

36. **Obstruction of Justice through fabrication of facts, manipulative slander, character assassination campaigns, abuse or manipulation of legal system:** As part of the 24x7 persistent organized crime, efforts to justice is blocked through fabrication of facts, manipulative slander campaigns by use of illegally recorded 24x7 intentional unlawful surveillance information depriving freedom of speech, freedom of privacy, fraud and deceptive events planned as part of the venture for benefit to induce slavery, towards demoralization or force into sexual slavery; to conceal the persistent 24x7 global ongoing underground organized crime.

37. **Cruelty, Inhuman, Degrading Treatment, Terrorism:** Use of induced intentional emotional trauma by the accumulation of continuing infinite torture methods for furtherance of torture with fabricated character assassination profiles relating to prostitution, 24x7 infinite manipulative slander campaigns, fabricated using the unlawful 24x7 surveillance, expansion of criminal network by each person in the hierarchy by himself and collaboratively as a gang, as a retaliation for communicating the underground criminal activities; Aggravation of torture by

wide spread expansion of the criminal network and wide spread use of public through money laundering, undue influence damaging the integrity of the society.

38. **Induce Slavery or sent out of the country to be made so:** On Jan 31, 2011, my husband Declan R Moore was food poisoned at my past workplace 1600 Crown Colony, Quincy, MA-02169, in the cafeteria run by agency Sodoxo, to prevent me from attending the Immigration interview on Feb 1, 2011, for spouse sponsored Permanent Resident Status,. The "Third Parties" Comcast has been collaborating includes a group of people at the building 1600 Crown Colony, Quincy, MA, who are employees of Perot systems Healthcare Inc, and Harvard Pilgrim Healthcare and other agencies. Mr. Declan Moore suffered all night vomiting every hour, with high fever, headache etc., and his health conditions were deteriorated to a condition, not to make it for the interview. However Mr. Declan Moore managed to appear for the interview with me. This was planned and arranged using my email communication with immigration attorney Isabel Rybalnik. There are 2 legal malpractices prior to this incident, to force me to leave the country to induce sexual slavery, sexual exploitation though job, subject to planned sexual abuse to demoralize towards prostitution as part of torture, through planned underground criminal activities, undue influence of businesses to commit fraud.

39. **Theft of Record or Process:** The surveillance is coordinated with unauthorized entries to dwelling place, to steal the record or document to prevent the production of the same as evidence.

40. **Exploitation of Telemarketing for Torture, and Abuse:** Exploitation of telemarketing overriding the "Do not Call Registration", to challenge or threaten to publish the private videos as pornography, use of businesses with numbers relating to criminal activities such as fabrication of facts , witness tampering while it is being done covertly to obstruct the justice.

41. **Other Forms of Torture and Terrorism:** Use of businesses with names having relation to the criminal activities, to engage in deceptive trade practice, for torture in combination with organized stalking, coercion of public for monetary gain/personal gain for 24x7 unlawful surveillance and abuse or manipulation of legal system/process for manipulative slander and fabrication of facts. Use of advertising media such as daily advertisements in paper, newspaper articles, custom printing of yellow book, sending magazines to home address, with threats, humiliation, ill treatment, and to challenge their criminal activities while all organized criminal activities are carried out in the underground at large scale, coordinated with wide spread unlawful surveillance, money laundering, bribery, corruption.

42. **Terrorism:** Wide spread use of coercion of civilian population at large scale for invasion and unlawful surveillance to coordinate the 24x7 organized criminal activities including manipulative torture, depriving right to life, right to freedom, right to privacy in combination with money laundering, personal gain, undue influence.

43. All of these are part of ongoing routine 24x7 organized underground transnational criminal operation in combination with money laundering, bribery, corruption, terrorism, undue

influence, psychological violence to destroy the socio-economic ties of the society, to torture to force to submission to prostitution, inducer slavery to make a person move from country to country to be made so.

44. **Depriving Right To Life:** By these accumulation and continuation of all methods, tactics, events in this dangerously hurtful underground transnational organized crime, I am being subjected to permanent emotional trauma, to induce suicide through intentional humiliation by their acts, through planned criminal activities in coercion and enticement as part of the torture (Cruel inhuman degrading treatment), enforced isolation, imposed virtual imprisonment, loss of freedom of communication, loss of freedom of speech, depriving right to life, deprived of harassment free workplace, blocking employment   opportunities using the intercepted information, interference affecting other forms of income from owned property in India, depriving right to justice. All of these involve consistent pattern of ongoing gross violation of laws of treaties of United States, Related Federal Laws, and Law of Treaty of Nations.

45. All of the conduct described above was willful and intentional, coordinated and collaboratively being committed by the defendants and "**Third Parties**" to torture, want on cruelty, in human, degrading treatment, humiliation, to inflict permanent emotional distress, psychological abuse, verbal abuse, cause financial sabotage, to force into prostitution/sexual slavery, to isolate and murder or induce suicide to obstruct justice, conceal the underground criminal operation.

46. I, the plaintiff reallege and incorporate by references all allegations in all preceding paragraphs as if fully set forth in the different sections of claims.

## FIRST CLAIM FOR RELIEF

**(18 U.S.C § 1030(a)(2) - accessing a computer and obtaining information, 18 U.S.C § 1030(a)(5)(A)(i) accessing a computer without authorization, resulting in damage, 18 U.S.C § 1030(a)(5)(A-C), 18 U.S.C § 1030(b), (c)(2)(B)(i-ii), (c)(4)(A)(i)(i, iii,), (5)(A-C), 15 U.S.C § 57-a (unfair or deceptive trade practices) ,15 U.S.C § 57-b Civil action for violation of 15 U.S.C § 57-a in relation to 18 U.S.C § 2340 (1), (2)(A)-(D), 28 U.S.C § 1350)**

47. The defendant engaged in the 24x7 organized underground criminal operations in collaboration with the third parties, and facilitated the commission, to continue the already ongoing transnational criminal activities with unlawful venture for the benefit of monetary gain, benefit of something in value starting around June 2008.  The defendant facilitated the 24x7 unlawful surveillance in furtherance to transnational organized underground criminal activities, by switching the private network with single static IP of Declan R Moore with never ending lease to a public network accessible to the "Third Parties", there by using the unlawful electronic surveillance, unauthorized access to the computer, cyber terrorism for torture, terrorism and to plan other criminal activities in coordination and collaboration with "Third Parties",  using non exhaustive methods as stated in the statement of facts. This conduct is in violation of 15 U.S.C § 57-a (unfair or deceptive trade practices), and 1030(a)(5)(A-C), 18 U.S.C § 1030(b), (c)(2)(B)(i-ii),

(c)(4)(A)(i)(I,III),  (5)(A-C)-fraud  related  activity  in  connection  with  computers,  intentionally accesses protected computer without authorization and as a result of such conduct recklessly causes damage and loss and engaged in 24x7 unlawful surveillance, in relation to 18 U.S.C § 2340 (1), (2)(A)-(D) – as one of the underground modus operandi for Torture, slavery to deprive the freedom of communication.

48. I bring these claims pursuant to 15 U.S.C § 57-b, 28 U.S.C § 1350 (Torture Victim Protection Act, Alien Action for Tort) which provides civil cause of action for victims of torture.

49. As a result of defendant's actions, I am suffering with higher degree of severe pain and suffering, intentional emotional distress for want on cruelty, humiliation, ill treatment torture, slavery.

## SECOND CLAIM FOR RELIEF

(18  U.S.C  §  2511  (1)  (a)  -  Unlawful  interception  of  oral,  wire,  electronic  communication. Intentionally use an electronic or other device to intercept any oral communication, 18 U.S.C § 2511 - Interception and Disclosure of oral, wire, electronic communication prohibited, 18 U.S.C § 2511(1)(c) -disclosing intercepted communications, 18 U.S.C § 2701(a)(1)(b)(1) - Unlawful access to stored communication, (1) intentionally accesses without authorization a facility through which an electronic  communication  service  is  provided  and  thereby  obtains,  alters,  18  U.S.C  §  2701  - Unlawful access to stored communication in relation to 18 U.S.C § 2340 (1),(2)(A)-(D),  28 U.S.C § 1350. Claim pursuant to 18 U.S.C § 2707, 18 U.S.C § 2520)

50. By engaging in Unfair and deceptive acts of practice and computer related fraud coordinated by 24x7 Unlawful interception of oral, wire electronic communications, Unlawful access to stored communication, prohibited disclosure of intercepted communication in furtherance to carry on ongoing clandestine activities, the defendant deprived my right for privacy in communication, used unauthorized interception for several methods of torture, humiliation, insult, and caused loss of employment, other forms of financial loss.

51. I bring these claims pursuant to  A) 18 U.S.C§ 2707 – Civil Action for violation of 18 U.S.C§ 2511 18 U.S.C§ 2511 (1) (a) 18 U.S.C § 2511(1)(c)  18 U.S.C § 2701(a)(1)(b)(1)  18 U.S.C § 2701;  B) 18 U.S.C § 2520 - Recovery of Civil Damages for violating 18 U.S.C § 2511, 18 U.S.C § 2511 (1) (a), 18 U.S.C § 2511(1)(c), 18 U.S.C § 2701(a)(1)(b)(1), 18 U.S.C § 2701 in relation to C) 28 U.S.C § 1350 which provides civil cause of action for victims of torture.

52. By proximate result of defendant's actions, I have sustained severe pain and suffering, severe emotional distress, humiliation and insult.

## THIRD CLAIM FOR RELIEF

(47 U.S.C § 223(a)(1)(A) -using telecommunications device to make, create, or solicit, and transmit any obscene comment, request, suggestion, proposal, image, or other communication, 18 U.S.C § 1465 -

**using interactive computer service for purpose of sale or distribution of obscene material in relation to 18 USC § 2340 (1), (2) (A)-(D), 28 U.S.C § 1350)**

53. By engaging in the conduct of 24x7 unlawful interception of oral, wire, electronic communication, Unlawful access to stored communication, starting June 2008, the Internet search for hotel accommodation, the reservation information in the email received by Declan Moore in his email address declan01@comcast.net on Dec 29, 2008 was used to plan the illegal private video recording by the defendant and third parties,  on our wedding night at Four Chimneys Inn, Bennington, Vermont on Jan 2, 2009.  The illegally recorded private video of our wedding night, was fabricated to abuse relating me to prostitution or as a prostitute, and the same was used to create as pornography, being distributed and viewed among the entire criminal network, as they expand, along with other illegal 24x7 private videos taken from March 2007 till date across nations; The same was also used to threaten to publish or challenge what is being published on the pornography websites. **The underground activities as they happen 24x7 are challenged using the redirected web content applying torture methods, to conceal their underground criminal activities.**

54. By facilitating to switch our private network, the humiliating messages using the illegally recorded private videos, abusive messages as prostitute, prostitution solicitation messages with contraceptives, challenges of inducing suicide through their acts of humiliation, messages challenging fabrication of facts by playing the illegally recorded videos to reverse the situation, while that is actually being done in the underground to obstruct the justice are sent through  the redirected web pages, and other forms of cyber terrorism such as spoofed email, firewall hacking with Internet Protocol address having such relating messages secretly hidden in the details, harvesting of IP addresses or host names with the messages of prostitution, unwanted sexual solicitation messages in combination with torture methods  are part of ongoing 24x7 abuse on daily basis since Jan 2, 2009.

55. As a direct and proximate result of defendant's actions, I have sustained damage to reputation, Humiliation, severe pain and suffering, humiliation, insult, severe emotional distress, loss of right to life, deprivation right to privacy, abuse, Victim of false light in public eye.

## FOURTH CLAIM FOR RELIEF

**(47 U.S.C § 223(a)(1)(E) -repeatedly initiates communication with a telecommunication device solely to harass person who receives communication, 18 U.S.C § 1030(a)(5)(A)(ii)-(iii) -accessing a computer without authorization, resulting in damage –Redirection of Website, 18 U.S.C § 875 -transmitting communications containing threats of kidnap or bodily injury (Hobbs Act), 18 U.S.C § 2422 (a),(b)– Coercion and Enticement in relation to 18 U.S.C §§ 2340, 2340A –Torture, 28 U.S.C § 1350)**

56. **Cruel, Inhuman, Humiliating, Degrading Treatment using Cyber Stalking in combination with Torture Methods, URL/Host name Obfuscation, Internet Firewall Hacking using Infinite IP numbers, Abuse Through Spoofed Emails: By engaging in computer fraud I have been abused**

collaboratively by the defendant and the perpetrators in several subgroups in the entire transnational criminal network (Third Parties) with each one of them making several malicious slanders, each one of them making innumerable threats, each one of them making several fabricated facts, along with the combined threats, combined fabricated malicious slander campaigns, the manipulation of one group against another to escape, swapping people to conceal them from their violent culpable role, obstruction of justice through slander campaigns, fabrication of facts applying torture methods, challenges of abuse or manipulation of legal process or system, to abuse with messages of enticement and coercion, threats of bodily injury, threats of imminent death, messages of expression of cruelty with messages forcing to induce suicide, eternal torture, humiliation with manipulated facts, messages of humiliation under color of law. These several methods and several medias of cyber terrorism is being used for 24x7 torture on daily basis, with high volume of messages, leaving no single minute left to relax.

57. Apart from the several above methods used for covert torture, installation of malwares, spywares, tampering of Antivirus Product is also being done to obstruct communication by blocking emails, disrupt the internet service, unauthorized access to stored offline information by installing key loggers etc., to obstruct the justice through cyber violence and psychological violence.

58. As a proximate result of defendant's conduct, I have sustained severe pain and suffering including emotional distress, humiliation, cruelty, insult, embarrassment.

## FIFTH CLAIM FOR RELIEF

**(Unwanted interference in employment, Obstruction of Justice, 18 U.S.C § 1512 (B) – Witness Tampering – Spoilage in both Criminal and Civil Statutes, (B) (II) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding in relation to 18 U.S.C §§ 2340, 2340A –Torture, 28 U.S.C § 1350)**

59. By unlawful interception of oral, wire, electronic communication and disclosing it to the wide spread criminal network, used in furtherance   to 24x7 torture, including at workplace to interfere with my work performance with the malice and intent to force me out of job, to plan obstruction of justice by witness tampering, obstruction of justice by repeated food water deterioration with multiplicity of victimization of witnesses, damage to conveyance with an intent to cause serious bodily injury in extra territorial regions including a minor victim who is a family member, assisting escape of some perpetrators before filing cause of action, as the "Third Parties", being collaborated by the defendant includes the group of people as part of this underground organized criminal network. Since June 2008, the defendant is collaborating with "Third Parties" comprising of employees of Perot Systems Healthcare, engaged in all underground criminal activities in all geographical regions coordinated and collaborated with the rest of the transnational "Third Parties", covering 24x7 on daily basis.

60. By proximate result of defendant's conduct, I have sustained severe pain and suffering including emotional distress, humiliation, insult, loss of employment, loss of income, obstruction of justice in labor litigation.

## SIXTH CLAIM FOR RELIEF

**(18 U.S.C § 1702 - Obstruction of correspondence,  18 U.S.C  § 1512 (B) – Witness Tampering – Spoilage in both Criminal and Civil Statutes, (B) (ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding in relation to 18 U.S.C §§ 2340, 2340A –Torture, 28 U.S.C § 1350)**

61. The international mail to India I sent around March 2010, was obstructed to plan Witness Tampering of my cell phone account I had with T Mobile between the period 2004 to Aug 2008, in order to obstruct the justice, and prevent me from producing that as evidence for the abuse continuing since June 2004, with past offenders as part of this underground human trafficking network.

62. By proximate result of defendant's conduct, I have sustained severe pain and suffering including emotional distress, humiliation, obstruction of justice through witness tampering.

## SEVENTH CLAIM FOR RELIEF

**(18 U.S.C § 1001 False statements in relation to 18 U.S.C §§ 2340, 2340A –Torture, 28 U.S.C § 1350)**

63. On 16th June 2010, Comcast provided false record with false statement on oath, to my request to subscriber record details. The false record is the by product of fabricated subscriber record using unlawful interception of my mail and used that information to obstruct the justice through manipulation of legal system.

64. By proximate result of defendant's conduct, I have suffered severe pain and suffering including emotional distress, humiliation and insult.

## EIGHTH CLAIM FOR RELIEF

**(18 U.S.C § 1201(a)(1),(c) - Kidnapping or Abducts. Unlawful confinement for illegal purposes, 18 U.S.C.A § 1583(a)(1,3) – induce slavery, 18 U.S.C § 1590 - Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor, 18 U.S.C § 1595 - Civil remedy , 28 U.S.C § 1350)**

65. After learning the unlawful venture of Comcast with the "Third Parties", and their collaboration in all of the organized underground criminal activities, I filed a case against Comcast on July 19, 2010. As 24x7 unlawful interception is being used for transnational organized criminal activities, in retaliation to my actions against Comcast, the address information in the email I sent on Aug 18, 2010 to my friend in India, which was my brother's address, was used to abduct him, around Aug 20, 2010. He was maliciously carried away by the members of the transnational criminal network, with false information that the person was sent by my sister living in nearby town to

take him for my niece's birthday party in my sister's house.  From around Aug 20, 2010 till date, he is being held in unlawful confinement. This is cruel and inhuman behavior of the defendant.

66. Pursuant to 18 U.S.C  § 1595 - Civil Remedy, and 28 U.S.C § 1350 the person abducted, unlawfully confined to torture, forced labor, Trafficking with respect to peonage, slavery, involuntary servitude is lawfully eligible to be compensated with compensatory and punitive damages, including attorney fees, and costs.

67. As this is related to my principal victimization of torture, and to intimidate me to drop the actions against the defendant, thereby to obstruct my justice, I bring these claims pursuant to 28 U.S.C § 1350, apart from the cause of action of my brother.

68. By proximate result of defendant's conduct, I have sustained severe pain and suffering, cruelty, severe emotional distress, humiliation and insult.

69. By proximate result of defendant's conduct, my old aged mother sustained severe pain and suffering including emotional distress, cruelty, humiliation and insult.

## NINTH CLAIM FOR RELIEF

(18 U.S.C § 402 - Criminal Contempt – 18 U.S.C § 181 Disobedience of order or process, 18 U.S.C § 184 Criminal offense, 18 U.S.C § 183 – Failed To obey the issued orders. Liability for disobedience of order or process, 18 U.S.C § 1512 (B) – Witness Tampering – Spoilage in both Criminal and Civil Statutes, (B) (ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding in relation to 18 U.S.C §§ 2340, 2340A, 28 U.S.C § 1350)

70. On July 19, 2010 I filed a case on Comcast of Massachusetts in U.S District court under diversity jurisdiction. The defendant destroyed the diversity jurisdiction. On Nov 30, 2010, the court dismissed the case with order to preserve the evidences for any future action. Because of lack of legal knowledge and lack of legal assistance, I could not invoke the jurisdiction properly and also I lacked knowledge to state the complete legal aspects behind the defendant's **"Consistent Pattern of Continuing Gross Misconduct"**. However I appealed the decision with Court of Appeals for the First Circuit, on Feb 24, 2010, based on the **"Acts of Terrorism Transcending Across National Borders"**, giving rise to this cause of action. The court of appeals absorbed the decision by the district court on Feb 15, 2012. Henceforth, U.S District court also reaffirmed the decision to dismiss the case and to preserve the evidences for future cause of action. However as part of the ongoing cruel, ill treatment, humiliation and insult, and challenge of their ongoing underground criminal operation, the defendant engaged in repeated witness tampering using special skills as part of unfair and deceptive acts to conceal the criminal activities, and to obstruction of justice, challenging their commission of ongoing transnational crime at the same time.

71. As the offense involves offenses indictable under 18 U.S.C § 1956, 1957 among the defendant and the "Third Parties", across nations, I also started communicating to the CBI officer in India,

starting Oct 2010 about this commission of 5+ year long ongoing transnational organized crime with money laundering, bribery, corruption aspects, and torture for human trafficking among the infinite gross violations. The more I revealed the criminal activities to the officers through email and their underground "**Modus Operandi**" and "**Secret Forms of Abuse**" as torture methods, the more they aggravated the torture, cruelty, humiliation and insult and challenging their extremism by expanding the criminal network and terrorism to torture and express their cruelty more aggressively.

72. The defendant conduct was barbaric, cruel, insulting, humiliating, willful and intentional under color of law, to deprive the right to justice.

73. I bring this claim pursuant to 18 U.S.C § 183, 28 U.S.C § 1350

74. By proximate result of defendant's conduct I have sustained severe pain and suffering including emotional distress, ill treatment, humiliation, insult, obstruction of justice through witness tampering.

## TENTH CLAIM FOR RELIEF

**(18 U.S.C § 1030(a)(5)(B-C) – Intentionally access computer without authorization and cause reckless damage, 18 U.S.C § 1512 (B) – Witness Tampering – Spoilage in both Criminal and Civil Statutes, 18 U.S.C § 1512 (B) (II) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding in relation to 18 U.S.C §§ 2340, 2340A, 28 U.S.C § 1350)**

75. As part of obstruction of justice, my email communication to tenant lawyer in an effort to get the documents to produce as evidence were obstructed between the period Feb 2010, by transmission of code or programs to damage the computer with malwares; Subsequently my efforts towards obtaining the records is impaired along with the undue influence to prevent the availability of object for use in official proceeding.

76. All my efforts towards justice against the persistent ongoing transnational organized crime with consistent pattern of gross violation are being blocked subjecting me and others related to me ongoing torture towards eternal victimization.

77. I bring this claim pursuant to 18 U.S.C § 1512 (B) and 28 U.S.C § 1350

78. By proximate result of defendant's conduct, I have sustained severe pain and suffering including emotional distress, insult, humiliation.

## ELEVENTH CLAIM FOR RELIEF

**(18 U.S.C § 175, § 178 (b) - Deterioration of food, water, equipment supplies or material of any kind, 15 U.S.C § 57-a (unfair or deceptive trade practices), 15 U.S.C § 57-b Civil action for violation of 15 U.S.C § 57-a/MGL 93A § 9, 18 U.S.C.A § 1583(a)(1,3) – Induce slavery, 28 U.S.C § 1350)**

79. By intercepting the my email communications with the immigration lawyer Isabel Rybalnik, with details regarding my immigration interview on Feb 1, 2011, Mr. Declan Moore was food poisoned on Jan 31, 2011 by the defendant and wide spread "Third Parties", in the office canteen, to prevent him from attending the interview for spouse sponsored legal permanent resident status, to delay the process to force me be sent out of the country to continue to be tortured in India and induce slavery. The immigration rules require the presence of sponsor, failing which several other processing of immigration documents to be restarted. Witness harassment and harassment of others across United States and India, undue influence to prevent the source of help has direct effect on me regardless of where I am towards my effort to justice, to enforce isolation, induce slavery through persistent eternal victimization. There are 2 immigration legal malpractices, earlier to this incident with intentional negligence to force me out of the country to induce slavery and to be tortured, to conceal the persistent transnational criminal operation for sexual slavery through torture.

80. Mr. Declan Moore suffered all night with vomiting several times in the night, with high fever for 2 days. This is related to my principal victimization to induce slavery by creating a situation to send me out of the country to be made so and tortured.

81. I bring this claim pursuant to 15 U.S.C § 57-b/MGL 93A §9 allows double or treble damages, attorney fees and costs, 28 U.S.C § 1350

82. By proximate result of defendant's conduct, I witnessed Mr. Declan Moore sustained physical injury, severe pain and suffering including emotional distress.

83. By proximate result of defendant's conduct, I have sustained severe pain and suffering including severe emotional distress, humiliation, ill treatment, cruelty.

## TWELTH CLAIM FOR RELIEF

### (18 U.S.C § 2422 (a)(b) – Coercion And Enticement,  15 U.S.C § 57-a - Unfair or Deceptive Trade Practices, 15 U.S.C § 57-b Civil Action For Violation of 15 U.S.C § 57-a, 18 U.S.C.A § 1583(a)(1,3) – Induce Slavery , 18 U.S.C § 2255 - Civil remedy for personal injuries including conduct pursuant to  18 U.S.C § 2422 (a)(b), 18 U.S.C  § 1595 - Civil remedy, 28 U.S.C § 1350)

84. As 24x7 interception of oral, wire, electronic communication is part of the transnational criminal operation, and my efforts to prove this persistent organized crime is thwarted by corruption, bribery and undue influence, violence, threats of violence, and all investigative methods have exhausted, with gross violation of extremely dangerous criminal activities, I started to communicate with the lawyers in India since Apr 2010, towards filing a criminal investigation. During this period of time, I have sent lot of emails demonstrating the "Consistent Pattern of Abuse", "Modus Operandi", "Infinite Torture Methods/Underground Methods", adopted by this transnational criminal network, in committing their "Infinite Organized Transnational Criminal Activities", using the unlawful 24x7 surveillance to the lawyer as well as to the CBI officers India, in an effort to have a complaint filed directly without a mandamus from court. The email

communications were used to make unlawful venture with some of the lawyers in the law firm, as an expansion of their criminal network, to continue the torture and abuse, obstruct the justice, interception and disclosure of legal facts for fabrication of facts to obstruct the justice. Abuse of confidential legal facts, to continue the abuse through coercion and enticement as part of the defendant's plan and venture.

85. So when I travelled to India on Aug 13, 2011, I was subjected to abuse, humiliation, coercion and enticement, insult by some of the lawyers in the law firm.

86. The conduct of defendant and expanded "Third Parties" as part of plan and venture is willful, intentional, cruel, insulting, ill treating, degrading, extremely outrageous, beyond the bounds of normal human decency.

87. I bring this claim pursuant to 18 U.S.C § 2255, 15 U.S.C § 57-b, 18 U.S.C § 1595, 28 U.S.C § 1350

88. By proximate result of the defendant's and the "Third Parties" extreme and outrageous conduct, I have sustained severe pain and suffering including emotional distress, irreparable damage to my reputation, with permanent impact on my life, humiliation, insult, with slandering campaign along with the Defendant and "Third Parties" in the false light in the public eye as prostitute.

## THIRTEENTH CLAIM FOR RELIEF

### (15 U.S.C § 7701 (5, 7-8), Controlling the assault of non-solicited pornography and marketing, 15 U.S.C § 6101 (a) (4), 6102 (a) (2), 6102 (a) 3 (A-B), 6102 (C), 6151 (a) – Telemarketing and consumer fraud and abuse prevention, 18 U.S.C § 2331 (1) (B) (i)-Terrorism, 28 U.S.C § 1350)

89. As part of infinite underground methods, exploitation of telemarketing calls were used in combination with torture methods and Terrorism, to abuse, to humiliate, to make hidden threats to publish the illegal private videos as pornography, threats of death, to challenge the obstruction of justice by witness tampering using the toll free "Unavailable" numbers, numerous silent calls, numerous businesses with names relating to criminal activities and abuse used as short messages of threat, including phone numbers of Banking institutions, are used on daily basis to make several calls per day on daily basis to torture by using the telecommunication device.

90. I bring this claim pursuant to 28 U.S.C § 1350, 18.U.S.C § 2333

91. By proximate result of defendant's conduct, I have suffered severe pain and suffering, emotional distress, cruelty, humiliation and insult.

## FOURTEENTH CLAIM FOR RELIEF

### (15 U.S.C § 7703 - Prohibition against predatory and abusive commercial e- mail, 15 U.S.C § 7704 (a) (1)(A, C), (a)(4)(i-iii) Prohibition against predatory and abusive commercial e- mail, 18 U.S.C § 1037 (a)

**(1-3,5),(b)(1)(A),(b)(2)(F) - Fraud and related activity in connection with electronic mail, 18 U.S.C §
2331 (1) (B) (I)-Terrorism, 28 U.S.C § 1350)**

92. As part of the infinite methods of including numerous exploitation tactics being used as part of
the organized crime for underground operation, to torture by applying torture methods in
combination with technology, spoofed commercial emails being used as one of the infinite
methods, to abuse and humiliate relating to sexual activities and prostitution; challenge their
fabrication of facts to conceal their criminal activities; using spoofed emails with my friends
name with false messages, to send messages relating to prostitution and abuse, to mislead and
cause misunderstanding as part of the tactic to enforce isolation from my friends; other
messages of slander relating to prostitution regardless of the content of the message connects
to pornography site or not; indirect death threats or messages of humiliation and insult to
induce suicide, messages challenging obstruction of justice by fabricated facts humiliating in
nature, challenges to and induce suicide by probable consequences of their humiliating,
insulting acts to conceal their underground criminal operation.

93. I bring this claim pursuant to 28 U.S.C § 1350, 18.U.S.C § 2333

94. By proximate result of defendant's conduct, I am being subjected to severe pain and suffering
including emotional distress.

## FIFTEENTH CLAIM FOR RELIEF

**(18 U.S.C §§ 2340 (1), (2) (A) – (D), 2340A –Torture, 18 U.S.C § 2331 (1) (B) (I)-Terrorism, 18 U.S.C §
2333, 28 U.S.C § 1350)**

95. Apart from facilitating and commissioning of the above alleged transnational organized
underground crime and abuse, other offline methods of torture in combination with terrorism
include coercion of public for invasion to coordinate with the 24x7 electronic surveillance,
coercion of opposite sex civilian population for public exposure of genitals in the premises
proximate to my presence, in the form of urinating in public (in front of home, inside office
buildings, all public places) coordinated with the surveillance group, routing of traffic in the
premises with messages written on the various conveyances used for organized torture, verbal
abuse with torture methods directed at close proximity, slander campaigns as prostitute,
arranging the opposite sex in public crowding on the premises, making gestures of coercion and
enticement, unrelenting abuse by multiple perpetrators with physical actions relating to the
prostitution and sexual abuse, fabrication of private facts and conducting round the clock
slander campaigns, distribution and viewing and malicious slander based illegally recorded
private videos, publishing fabricated version of private facts, torture specific to information on
color of law are non electronic unrelenting ongoing torture, I am being subjected to.

96. Writing paper articles with advertisements, pamphlets, with messages of threats, fabrication of
facts, fabrication and threats using the illegal private videos,  challenges of obstructing justice,

humiliation, insult, threats to kill by applying torture methods are other forms of torture done daily basis.

97. By engaging in wide spread terrorism at large scale, and by 24x7 slander campaigns and organized tortures with ill treating, humiliating behaviors infinite method of ill treating, humiliating, insulting behaviors, my identity and name is being damaged wide spread and large scale in order to conceal their persistent human trafficking organized crime, with permanent damage to my reputation, which is the objective of this human trafficking transnational organized criminal network. The defendant has been acting well beyond the bounds of normal human decency on daily basis since Jan 2009.

98. I bring this claim pursuant to 28 U.S.C § 1350, 18 U.S.C § 2333, plaintiffs may recover triple damages plus attorney fees.

99. By the proximate result of defendant's extreme and outrageous conduct, I sustained extreme emotional trauma, severe pain and suffering, humiliation, irreparable damage to reputation, with the consequence of permanent impact on life.

## SIXTEENTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

#### (18 U.S.C § 2331 (1) (B) (i)-Terrorism, 28 U.S.C § 1350)

100. By adopting non exhaustive methods, events and medias, with unwanted intrusions perpetrated 24x7, damaging the socio-economic ties, threats of imminent death in several forms, corruption of businesses and exploitation of various operations, with several forms of humiliations, insult on basic civil rights, the defendant acted recklessly beyond all bounds of normal human decency. As part of terrorism, law enforcement, govt. and non govt. companies are collaborating with this transnational organized underground criminal network.

101. By proximate result of defendant's outrageous conduct I have been suffering with extreme distress.

## SEVENTEENTH CLAIM FOR RELIEF

### (Assault)

102. The actions of the defendant by engaging in terrorism are intended to cause harmful contact/imminent harmful physical contact. The defendant's actions have been cruel and inhuman.

103. It has been a routine threat to run over by vans, by members of the criminal network, with the intent to kill. As a direct and proximate result of defendant's conduct, I am placed in potentially dangerous contact and environment.

104. As a result of ongoing conduct, I continue to suffer extreme emotional distress, anxiety, loss of sleep, loss of income.

## EIGHTEENTH CLAIM FOR RELIEF

## (Damage to Conveyance, 28 U.S.C § 1350)

105.        As unlawful interception of communication is being used for organized criminal activities, around May 2010, I bought a scooter after a search on the internet. After transporting the scooter home, the damage to the steering lock was noticed. Also there were 2 of the members of the criminal network, with automobile repair business were suspiciously standing inside the shop watching me buy the scooter, and challenged their door entry secretly. One particular scooter was reserved for me. The defendant is so cruel and extremely outrageous, to prevent my freedom of movement, they damaged the steering lock of that scooter even before I bought. Further to that damage each day, one spare part in the car was damaged, by the Defendant's surrounding the home, along with some of their "Third Parties" counterpart. The cost of the scooter was $800, to a state that I could never safely use the scooter and left with the condition to create the risk of physical injury. Illegal entry into home, car and businesses, opening the lock using a locksmith in their criminal network is one of the routine underground criminal activities. Also Mr. Declan Moore's car was bugged from Dec 2008 to Dec 2010.

106. By Defendant's proximate result of conduct, I sustained loss, Suffered Emotional Distress, Humiliation.

## NINETEENTH CLAIM FOR RELIEF

## (Virtual Imprisonment, Enforced Isolation)

107. Defendant knowingly and intentionally confined me to false imprisonment, by their threatening, humiliating, insulting actions by continuing to subject me to unrelenting unwanted 24x7 intrusions, several forms of unrelenting cruel, ill treatment, humiliation, verbal abuse, non verbal abuse, insult with large scale, wide spread terrorism, to deprive my freedom of movement, right to life, with irreparable harm to reputation.

108. Defendant knowingly engaged in terrorism and enforced social isolation by their actions adopting combination of slander methods, undue influence through mutual benefit, criminalizing the society, 24x7 invasion, and subjecting me to 24x7 torture with their "Third Parties" spread across nations.

109. Isolation is enforced through malicious round the clock slander campaigns, unrelenting intrusion, invasion, psychological violence to conceal their underground crime through slanders about me, campaigning for false light, etc are some of the methods adopted as part of torture and terrorism, apart from money laundering, bribery, corruption, benefit of value to influence them into participation in torture, and terrorism.

110. Defendant knowingly and willfully confined me by force through their actions with malice, reckless disregard of my fundamental rights, right to life, right to privacy.

111. By proximate result of defendant's actions, I have suffered extreme emotional distress, humiliation.

## TWENTYETH CLAIM FOR RELIEF

## (Fraud Related to Computers at Other Facilities)

112.        Defendant engaged in computer related fraud for unauthorized access and electronic surveillance also in all other facilities, I used including FedEx, United States Court Of Appeals for the First Circuit, Boston Public Library, Natick Library, Worcester Library, Browsing Centers at several locations in Bangalore-Karnataka-India, Madurai-Tamil Nadu-India. Among these locations, the Defendant provides services to Natick Library, United States Court Of Appeals for the First Circuit.

## TWENTY FIRST CLAIM FOR RELIEF

## (Unjust Enrichment)

113. Defendants have been unjustly enriched through money laundering, benefit of value since June 2008, by subjecting me to unrelenting torture, emotional distress, recklessly depriving my basic fundamental rights under color of law.

114. It would be inequitable for defendant and the "Third Parties" to be permitted of such unjust benefits which are indictable under 18 U.S.C § 1956, 1957, 18 U.S.C § 1952(b)(i)(2)-(3) through such severe crimes.

115. I am entitled to, and hereby demand jury trial in this matter.

# PRAYER FOR RELIEF

**WHEREFORE**, I respectfully requests that judgment be entered in my favor and against the defendant as follows:

(a)  Awarding me Compensatory and punitive damages to me, in an amount to be proven at trial.

(b)  Awarding me Prejudgment and Post Judgment Interest.

(c)  Awarding me reasonable attorney's fees, together with costs and disbursements of this action.

(d)  Injunction against torture

(e)  Granting such other and further relief as the court seems just and proper.

Dated: 3/18/2012

/s/

Plaintiff: Vasuki Pariyaswamy (PRO SE)

34 Pinecrest Village,

Hopkinton, MA - 01748

Ph: 508-686-6435 (Cell)

Email : sameas12@gmail.com