UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VASUKI PERIYASWAMY,<br>Plaintiff,<br><br>v.<br><br>COMCAST OF MASSACHUSETTS I, INC.,<br>Defendant. | CIVIL ACTION NO. 12-10474 |

## MEMORANDUM OF LAW IN SUPPORT OF
## COMCAST OF MASSACHUSETTS I, INC.'S MOTION TO DISMISS

Comcast of Massachusetts I, Inc. ("Comcast") hereby moves to dismiss the Plaintiff's complaint. The grounds for this motion are set forth below.

## INTRODUCTION

This Court should dismiss the Plaintiff's complaint. Her complaint is a rambling, unintelligible set of allegations that violates the "short and plain statement" requirements of Federal Rule of Civil Procedure 8(a). Given the incomprehensible nature of the Plaintiff's complaint, Comcast cannot form a proper defense and respond to those allegations against it. Moreover, the overwhelming majority of those statutes that the Plaintiff cites as the grounds for her cause of action are criminal statutes not providing her with a private right of action. Other civil statutes simply do not apply to the Plaintiff or Comcast. Given that the Plaintiff has failed to plead any clear and understandable cause of action against Comcast, her complaint should be dismissed.

## BACKGROUND

The Plaintiff Vasuki Periyaswamy filed her complaint on March 14, 2012, but did not complete service on Comcast until July 6, 2012. The Plaintiff's complaint consists of 115 paragraphs spanning 28 pages. She includes 21 separate claims and includes 61 statutes, 41 of which are criminal statutes.[1] Between pages 2 and 6 of her Complaint, the Plaintiff includes a table setting out many of those statutes that appear to be part of her allegations. Among the 21 individual counts concerning the more than 60 statutory provisions, the Plaintiff includes several statutes in each claim, only confusing matters further. Although difficult to decipher, the Plaintiff appears to premise her case on human trafficking, terrorist, sexual abuse, invasion of privacy and torture crimes allegedly committed against her. The Plaintiff claims that the following 17 individuals – even though they are not included as parties to the suit – conspired with Comcast to commit harm against her: Michael S. Boyette a.k.a. Michael Estramonte; Jawahar Karuppasamy; Chandra Sekaren; Syed Mujaihid; Praveen Amudala; Sandhya Jankiti; Sanjeev Agrawal; Venkata Batchala; Katherine Carll; Kay Bui; Rahini Kumarasamy; Vivek Pandian; Manjula Kumarasamy; Elisabete Harshman; Lynn Li Werner; Francis Stanucci; Cynthia Trainor; Lindsay Ann Ucci; and Lindsay Ann Ucci's boyfriend. The Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

The Plaintiff has an established litigation history in this Court. She filed another action against Comcast very similar to this one – *Periyaswamy v. Comcast Internet Services*, Civil Action No. 10-11204 – Judge Woodlock terminated that action for lack of subject matter jurisdiction because both the Plaintiff and Comcast are Massachusetts residents. *See* Docket No.

---

[1] The Plaintiff includes 59 citations to the United States Code in her complaint, but 5 of these citations are for code provisions that are no longer extant, to wit, 18 U.S.C. § 4080; 18 U.S.C. § 4170; 18 U.S.C. § 181, 18 U.S.C. § 183 and 18 U.S.C. § 184. Therefore, the Plaintiff has included in her complaint 54 provisions that are actually part of the United States Code.

19 of Civil Action No. 10-11204. The Plaintiff appealed this decision to the United States Court of Appeals for the First Circuit, which affirmed the District Court's decision. *See* Docket No. 28 of Civil Action No. 10-11204 (Appeals Court Docket No. 11-1203). It appears that, in an effort to make her case one involving a federal question, the Plaintiff has simply resubmitted here the complaint from her earlier action against Comcast by tagging onto it a list of <u>dozens</u> of federal statutes.

The Plaintiff also filed a case in 2011 against her former employer, entitled *Periyaswamy v. Perot Systems Healthcare*, Civil Action No. 11-11406. In that case, Magistrate Judge Sorokin issued a Report & Recommendation recommending that the action be dismissed for failure to effect service within 120 days. *See* Docket No. 13 of Civil Action No. 11-11406. Judge Saris adopted the Report & Recommendation and dismissed the Plaintiff's suit. *See* Docket No. 17 of Civil Action No. 11-11406. Significantly, Judge Sorokin noted in his Report & Recommendation that the Plaintiff's complaint was "prolix." *See* Report & Recommendation (Docket No. 13 of Civil Action No. 11-11406) at 1.

## ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed for her Failure to Comply With The Short and Plain Statement Requirement of Rule 8

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff make a "short and plain" statement of its allegations. Where a plaintiff fails to meet the short and plain statement rule, its complaint is subject to dismissal by the District Court. *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993) ("A district court has the power to dismiss a complaint when a plaintiff fails to comply with . . . Rule 8(a)(2)'s short and plain statement requirement.") (internal quotations and citations omitted). The United States Court of Appeals for the First Circuit and this Court have both held that such long, confusing and unintelligible complaints as the Plaintiff's, should be dismissed.

3

For instance, in the *Kuehl* case, the First Circuit held that an "excessively long and unnecessarily redundant" complaint violates Rule 8(a). *See id.* Similarly, in *Jacobowitz v. Dartmouth Public Schools*, No. 08-11855-RWZ, 2010 WL 582359, *1 (D. Mass. Feb. 9, 2010), this Court dismissed a complaint consisting of "a lengthy list of unrelated factual allegations against multiple defendants, rather than a comprehensible identification of the relevant conduct and parties." In addition to the "short and plain" requirement of Rule 8(a), section (d)(1) of the Rule requires that each allegation be "simple, concise and direct."

The Plaintiff's complaint is unintelligible. It consists of 28 pages and 115 paragraphs. She cites more than 60 statutory provisions to support her cause of action, but she shows no connection between all of these statutes and the set of facts provided by her. The Plaintiff's complaint is the very kind that courts dismiss for failing to comport with Rule 8. *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing complaint that is a "confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies. The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues, and personal comments."); *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972) ("Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed.").

Moreover, the Plaintiff's complaint is what some courts call a "shotgun" complaint – a complaint with numerous factual allegations bearing no connection to the legal claims set forth by the plaintiff. The Southern District of Alabama used the description of "shotgun pleading" for a complaint that "encompasse[d] 134 numbered paragraphs spanning 46 pages." *Nicholson*

*v. City of Daphne*, No. 07-0496-WS-M, 2009 WL 1789385, *1 (S.D. Al. 2009). The Court noted that the Complaint referred to race, sex, hostile work environment, retaliation and conspiracy, and it also contained various statutory provisions, but there was no effort to link the legal claims with the factual allegations. *See id.* at *2 ("Buried within are references to race, sex, hostile work environment, retaliation and conspiracy, and to various constitutional and statutory provisions in addition to Title VII, with no effort to identify which of the 97 paragraphs address which claims.").

Likewise, the United States Court of Appeals for the Eleventh Circuit also held that a complaint consisting of "a myriad of potential claims" with no connection to the factual allegations amounted to a shotgun complaint. *See Giles v. Wal-Mart Distr. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) ("In other words, Giles's amended complaint is a classic 'shot gun' pleading in that it is not possible to know which factual allegations support which claims for relief.").

The Plaintiff's complaint is precisely the kind of shotgun complaint disapproved of by the Eleventh Circuit and Southern District of Alabama. The Plaintiff lists 54 current federal statutory provisions and two state statutes, but she fails to articulate how her factual allegations relate to each of these statutes. The proof that this is a classic "shot gun" complaint is the table that the Plaintiff includes at pages 2 to 6 of her Complaint, where she simply lists dozens of statutes. Similar to the *Nicholson* case, the Plaintiff refers to human trafficking, terrorism, sexual abuse, invasion of privacy and torture crimes, but she does not develop these allegations in any way. Instead, the Plaintiff has cobbled together a list of statutes and expects that to be sufficient to entitle her to a cause of action. Furthermore, the Plaintiff does not specify exactly who at Comcast committed any particular wrongs against her. Given the state of the Plaintiff's

allegations, Comcast cannot form any kind of defense and respond to the Plaintiff's claims against it.

Finally, even though the Plaintiff is proceeding *pro se*, this does not save her from having to comply with Rule 8. *See Davis v. Middlesex Sheriff's Office*, CA 09-11453-DPW, 2010 WL 2090338, *4 (D. Mass. May 20, 2010) ("Notwithstanding that he is proceeding *pro se* and lacks legal skills, the burden is on Davis to set forth his claims in a manner that would permit an adverse party to file a meaningful response."); *Stratton v. City of Boston*, 731 F. Supp. 42, 47 (D. Mass. 1989) ("However, a pro se complaint must include some facts in support of the claim that would entitle the plaintiffs to relief. Where no such factual basis is provided, the claims must be dismissed").

### B. <u>Comcast Cannot Respond to Plaintiff's Confusing And Unintelligible Complaint</u>

In fact, Rule 8 is in place so that the Defendant can properly respond to those charges lodged against it and prepare a suitable defense. *Rasheed v. D'Antonio*, CIV. A. 10-11253-GAO, 2011 WL 4382517, *20 (D. Mass. Sept. 19, 2011) ("The complaint must give the defendant fair notice of what the ... claim is and the grounds upon which it rests. A complaint must provide defendants with a meaningful opportunity to mount a defense.") (internal citations and quotations omitted); *Brown*, 75 F.R.D. at 498 ("The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."). Comcast cannot respond to the Plaintiff's long, unwieldy and incomprehensible complaint, and it cannot prepare an adequate defense where it is not on notice of what it allegedly did wrong.

**C. The Overwhelming Majority of Plaintiff's Statutes Are Criminal Statutes Not Affording Her a Cause of Action**

In addition to the fact that the Plaintiff's complaint does not comport with Rule 8, the overwhelming majority of the statutes that she cites as violations against her are criminal statutes not permitting for a private right of action. The Plaintiff cites 56 existing statutory provisions in her complaint, 41 of which are criminal statutes not affording her any cause of action. The United States Supreme Court holds that a private citizen, like the Plaintiff, has no interest in the prosecution of another and therefore cannot enforce a criminal statute. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986). This Court has applied that principle. *Phelps v. Channel*, CIV A 06-40282-GAO, 2007 WL 2827465, *2 (D. Mass. Sept. 26, 2007) ("Phelps does not, however, have a private right of action to enforce criminal statutes."); *see also Action Ambulance Serv., Inc. v. Atlanticare Health Servs., Inc.*, 815 F. Supp. 33, 37 (D. Mass. 1993) (holding that plaintiff cannot sue under certain criminal statutes). Because they are criminal statutes not affording her a cause of action, 41 of the 56 statutes cited in Plaintiff's complaint should be summarily dismissed.

**D. The Overwhelming Majority of the Plaintiff's Civil Claims – As A Matter of Law – Cannot Be Brought Against Comcast**

Just like the Plaintiff's criminal allegations, the majority of the Plaintiff's civil claims are infirm, as well. The majority of the civil statutes that the Plaintiff cites cannot, as a matter of law, be brought against Comcast. First, 15 U.S.C. §§ 6101 and 7701 are not even laws, but instead are congressional findings. Second, 15 U.S.C. § 57b applies to actions brought by the Federal Trade Commission, not private litigants, for unfair and deceptive trade practices. Meanwhile, 15 U.S.C. § 6102 sets out rules for telemarketers, which is not a line of business in

which Comcast, a cable provider, is involved. Similarly, 15 U.S.C. § 6151 ratifies the national do-not-call registry and therefore it, too, is inapplicable.

In addition, 18 U.S.C. § 2255 provides civil remedies for sexual exploitation of children but the Plaintiff is an adult, not a minor child. And 28 U.S.C. § 1350 does not apply because it is simply a jurisdictional statute, providing the federal district courts with jurisdiction to hear tort actions by aliens.

## CONCLUSION

For the reasons stated above, Comcast respectfully requests that this Court allow its Motion to Dismiss and dismiss the Plaintiff's complaint.

**COMCAST OF MASSACHUSETTS I, INC.**

By its Attorneys,

/s/ *Jeffrey T. Rotella*

Jeffrey T. Rotella (BBO # 600674)
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street, 10th Floor
Boston, MA  02110-2210
Tel: 617.482.0600
Fax: 617.482.0604
jrotella@apslaw.com

John T. Mulcahy (BBO # 670606)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903
Tel: 401. 274.7200
Fax: 401.351.4607
jmulcahy@apslaw.com

Dated: July 27, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2012 I filed the within document by the Court's electronic case filing system (ECF) and also served a copy of the same by first-class mail to:

Vasuki Periyaswamy
34 Pinecrest Village
Hopkinton, MA 01748

/s/ *Jeffrey T. Rotella*

*617486_1.docx*

617486.1